UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT WILLIAMS, #541415

        Plaintiff,                   Civil Action No. 11-cv-15585

     v.                            District Judge Mark A. Goldsmith
                                     Magistrate Judge Laurie J. Michelson

DENNIS M. WILEY, et al.

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY LEAVE TO PROCEED WITHOUT PREPAYMENT OF FILING FEE AND TO DISMISS COMPLAINT**

Plaintiff Roosevelt Williams, a Michigan Department of Corrections prisoner proceeding *pro se*, has filed a "Contractual Obligation Tort Claim Complaint" against a number of state-court and MDOC personnel. Presently before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees. (Dkt. 5.) Because Plaintiff's Complaint should be dismissed pursuant to the "three strikes" provision of 28 U.S.C. 1915(g), this Court RECOMMENDS that Plaintiff's request for leave to proceed without prepayment of the filing fee be DENIED and that Plaintiff's Complaint be DISMISSED.

**I. BACKGROUND**

Plaintiff's Complaint is difficult to decipher. Williams is an inmate at MDOC's Oaks Correctional Facility and refers to himself by the "distinctive appellation" "sovereign, sui juris, secured party creditor 'SSJSPC.'" (Dkt. 1, Compl. at ECF Pg ID 2.) The Defendants are state-court and MDOC personnel, including, Berrien County District Court Judge Dennis M. Wiley, 19th Judicial Court (Benzie/Manistee County) Chief Judge James M. Batzer, a deputy clerk for the

Berrien County Court, a clerk for the Michigan Supreme Court, and several Oaks Correctional Facility officers.  (Compl. ¶¶ 2, 5, 6, 7, 10, 12.)  Plaintiff apparently asserts that he served Defendants with certain documents, for example, an "Opportunity to Cure Commercial Dishonor/Default," and that Defendants did not reply to the documents by denying their assertions. (*E.g.*, Compl. ¶¶ 2, 11.)  Accordingly, says Plaintiff, the Defendants are "third-party lien debtors" and have, through their non-response, "agreed to all terms, conditions, stipulations, penalties, fines, fees, liens [etc.]"  (Compl. at ECF Pg ID 13.)

Plaintiff filed his Complaint on December 21, 2011.  (Dkt. 1.)  On January 18, 2012, all pretrial matters were referred to this Court.  (Dkt. 2.)  On February 14, 2012, this Court issued an Order of Deficiency informing Plaintiff that he had not paid the required filing fee or sought to proceed without prepayment of the filing fee.  (Dkt. 4.)  On March 8, 2012, Plaintiff responded by filing the now pending Application to Proceed Without Prepayment of Fees.  (Dkt. 5.)

## II. ANALYSIS

### A. "Three Strikes" Law

Under the Prison Litigation Reform Act ("PLRA"), a prisoner is not entitled to proceed without prepayment of the filing fee if, on three or more prior occasions, the prisoner's case was dismissed as malicious or frivolous, or for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).  More specifically,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, [a] district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 F. App'x 898, 899 (6th Cir. 2004). Accordingly, this District screens prisoner complaints for "three strikes" prior to service.

### B. Plaintiff Has Three Prior Litigation Strikes

In a case filed in 2008, District Judge Victoria A. Roberts dismissed Plaintiff's complaint under 28 U.S.C. 1915(g). *Williams v. Hotchkiss*, No. 08-13959 (E.D. Mich.) (Dkt. 5, order denying application to proceed without prepayment of fees and dismissing complaint under § 1915(g)). In particular, Judge Roberts cited three cases that Plaintiff filed in U.S. District Court for the Western District of Michigan: *Williams v. Caruso*, No. 08-0036, *Williams v. Mumma*, 08-00043, and *Williams v. Winnicki*, 08-00069. (*Id.* at 1-2.) Judge Roberts found that each of the cases were dismissed as frivolous or for failure to state a cognizable legal claim. (*Id.* at 1.) Therefore, based on *Hotchkiss*, this Court concludes that Plaintiff has three litigation strikes under 28 U.S.C. § 1915(g).[1] Further, Plaintiff's Complaint does not appear to allege any imminent danger of serious injury.

Accordingly, this Court RECOMMENDS that Plaintiff's request for leave to proceed without prepayment of the filing fee be DENIED and that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915(g). Dismissal should be WITHOUT PREJUDICE to filing a new complaint with the payment of the filing fee. As Judge Roberts explained in *Hotchkiss*, however, any such complaint is still subject to 28 U.S.C. § 1915A(b), which requires a court to dismiss a prisoner's

---

[1]Indeed, on at least three prior occasions courts have found that Plaintiff has three strikes. *Williams v. Hotchkiss*, No. 08-13959 (E.D. Mich.); *Williams v. Angel*, No. 09-14556 (E.D. Mich.); *Williams v. Cox*, No. 10-12264 (E.D. Mich.).

complaint against "a governmental entity or officer or employee of a governmental entity" that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

### III. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                        s/Laurie J. Michelson  
                                        LAURIE J. MICHELSON  
                                        UNITED STATES MAGISTRATE JUDGE

Dated: March 19, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 19, 2012.

                                          s/J. Johnson
                                          Deputy Clerk